UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

MONICA SCULLION,

    Plaintiff,

v.

CARNIVAL CORPORATION,
ONE SPA WORLD LLC, and
ONE SPA WORLD (BAHAMAS) LTD.

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff hereby sues Defendants and alleges as follows:

### JURISDICTIONAL AND PRELIMINARY ALLEGATIONS

1. The Plaintiff, MONICA SCULLION, is a citizen of California.

2. Defendant, CARNIVAL CORPORATION (at times "Carnival"), is a foreign entity incorporated under the laws of Panama with its principal place of business in Miami, Florida.

3. Defendant, ONE SPA WORLD LLC, is a Florida entity with its principal place of business in Florida, and it was f/d/b/a Steiner Transocean Limited a/k/a Steiner.

4. Defendant, ONE SPA WORLD (BAHAMAS) LTD., is a Florida Entity with its principal place of business in Florida, and it was f/d/b/a Steiner Transocean Limited a/k/a Steiner.

5. Defendants, ONE SPA WORLD LLC and ONE SPA WORLD (BAHAMAS) LTD. are related companies (Defendants, ONE SPA WORLD LLC and ONE SPA WORLD (BAHAMAS) LTD. are collectively referred to as "One Spa World" herein).

6. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the event diversity jurisdiction does not apply, then this matter is brought under the admiralty and maritime jurisdiction of the Court.

7. At all times material hereto, Defendants directly or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Were engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 and/or 48.193;

    e. The acts of Defendants set out in this Complaint occurred in whole or in part in this county and/or state.

    f. Defendants were engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard cruise ships.

8. At all times material hereto, Defendants are subject to the jurisdiction of the Courts of this State.

9. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

10. At all times material hereto, Carnival owned, operated, managed, maintained and/or controlled the vessel, the *Carnival Radiance* ("the vessel").

11. At all times material hereto, Carnival had exclusive custody and control of the vessel.

12. At all times material hereto, One Spa World owned and/or operated a spa aboard the vessel, wherein it provided spa services to Carnival's passengers.

13. At all times material hereto, One Spa World was under the direction and control of Carnival and/or acted as the agent of Carnival in providing spa services to passengers, thereby rendering Carnival vicariously liable for the negligence of One Spa World and its employees.

14. At all times material hereto, Carnival and/or One Spa World employed and controlled a spa employee aboard the vessel whose name is unknown at this time ("the masseuse").

15. At all times material hereto, the masseuse was a member of the crew of the vessel and was acting in the course and scope of his/her employment.

## Subject Incident

16. On or about January 24, 2023, the Plaintiff was a paying passenger aboard the vessel, which was in navigable waters.

17. On or about January 24, 2023, the Plaintiff received a massage aboard the vessel, which was performed by the masseuse.

18. On or about January 24, 2023, during the course of the massage, the Plaintiff notified the masseuse that a maneuver being performed to her back was hurting her leg. Nevertheless, the masseuse continued performing the same maneuver, which continued causing Plaintiff pain. The Plaintiff's leg began to go numb due to the painful maneuver, and Plaintiff told the masseuse to stop because her leg was numb. The masseuse then began to massage Plaintiff's leg. All of the foregoing ultimately caused the Plaintiff to suffer severe and permanent injuries, which required surgery.

## COUNT I
## VICARIOUS LIABILITY FOR BATTERY AGAINST DEFENDANTS

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) as though alleged originally herein.

19. At all times material hereto, the masseuse knowingly and intentionally continued to perform the same maneuver on Plaintiff even after the Plaintiff complained of pain and numbness and told the masseuse to stop.

20. At all times material hereto, the masseuse who battered the Plaintiff was a member of the crew aboard the vessel.

21. At all times material hereto, the masseuse who battered the Plaintiff was hired, retained and/or employed by Carnival, or in the alternative, was a borrowed servant of Carnival, as evidenced by factors that include, but are not limited to, the following:

   a. Carnival had control over the masseuse;

   b. Carnival was responsible for paying the masseuse;

   c. Carnival provided the facilities and equipment necessary for the performance of the masseuse's work; and/or

   d. Carnival had the right to terminate the masseuse's employment.

22. At all times material hereto, the masseuse who battered the Plaintiff was hired, retained and/or employed by One Spa World.

23. At all times material hereto, Defendants are vicariously liable for the intentional and/or tortious actions of its crewmembers/employees, including the masseuse who battered the Plaintiff.

24. As a direct and proximate result of the tortious actions of the masseuse, who battered the Plaintiff, for which Defendants are vicariously liable as set forth above, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, loss

of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired.  The injuries and damages are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants and demands jury trial of all issues so triable.

## COUNT II
## NEGLIGENCE AGAINST CARNIVAL

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) as though alleged originally herein.

25. At all times material hereto, it was the duty of Carnival to provide the Plaintiff with reasonable care under the circumstances.

26. On or about the above date, Carnival and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to provide a safe spa for use by its passengers aboard its vessel; and/or

   b. Failure to properly supervise and oversee the spa marketed, advertised and offered to its passengers; and/or

   c. Failure to adequately inspect and/or monitor the subject spa so as to ensure that the spa was reasonably safe for its passengers; and/or

d. Failure to adequately review the background and/or qualifications of the personnel hired and/or to be hired by One Spa World so as to ensure that they were competent and/or fit to provide spa services to its passengers; and/or

e. Failure to adequately supervise the personnel working at the subject spa so as to ensure that they were competent and/or fit to provide spa services to its passengers; and/or

f. Failure to ensure that properly trained and supervised personnel was working at the subject spa and/or providing spa services to passengers in a safe manner; and/or

g. Failure to ensure that masseuses were properly trained and supervised to not perform unauthorized and/or prohibited procedures on passengers; and/or

h. Failure to ensure that masseuses were not performing unauthorized and/or prohibited procedures on passengers; and/or

i. Failure to ensure that unsafe and/or dangerous procedures were not performed on its passengers; and/or

j. Failure to promulgate and/or enforce adequate policies and procedures to ensure that One Spa World adequately reviewed the background and/or qualifications of the personnel hired by One Spa World, so as to ensure that they were competent and/or fit to provide spa services to its passengers; and/or

k. Failure to promulgate and/or enforce adequate policies and procedures to ensure that One Spa World was adequately supervising the personnel working at the subject spa; and/or

l. Failure to promulgate and/or enforce adequate policies and procedures to ensure that properly trained and supervised personnel was working at the subject spa and/or providing spa services to passengers in a safe manner; and/or

- 7 -

    m. Failure to promulgate and/or enforce adequate policies and procedures to ensure that masseuses were properly trained and supervised to not perform unauthorized and/or prohibited procedures on passengers; and/or

    n. Failure to promulgate and/or enforce adequate policies and procedures to ensure that masseuses were not performing unauthorized and/or prohibited procedures on passengers; and/or

    o. Failure to promulgate and/or enforce adequate policies and procedures to ensure that unsafe and/or dangerous procedures were not performed on its passengers.

27. The above acts and/or omissions caused and/or contributed to the subject incident because, Plaintiff would have not scheduled a massage for herself and been severely injured but for those acts and/or omissions.

28. At all times material hereto, Carnival knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that Carnival, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through: (a) Carnival's inspections of the subject spa; (b) Carnival's policies and procedures establishing the standards of quality by which the subject spa was to operate; and/or (c) prior incidents involving passengers injured due to the services provided at the subject spa.

29. As a direct and proximate result of the negligence of Carnival, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of

Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past and future, and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands jury trial of all issues so triable.

## COUNT III
## NEGLIGENCE AGAINST ONE SPA WORLD

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) as though alleged originally herein.

30. At all times material hereto, it was the duty of One Spa World to provide the Plaintiff with reasonable care under the circumstances.

31. On or about the above date, One Spa World and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to provide a safe spa for use by passengers aboard the vessel; and/or

   b. Failure to properly supervise and oversee the spa marketed, advertised and offered to passengers; and/or

   c. Failure to adequately inspect and/or monitor the subject spa so as to ensure that the spa was reasonably safe for passengers; and/or

   d. Failure to adequately review the background and/or qualifications of the personnel hired and/or to be hired by One Spa World so as to ensure that they were competent and/or fit to provide spa services to its passengers; and/or

e. Failure to adequately supervise the personnel working at the subject spa so as to ensure that they were competent and/or fit to provide spa services to its passengers; and/or

f. Failure to ensure that properly trained and supervised personnel was working at the subject spa and/or providing spa services to passengers in a safe manner; and/or

g. Failure to ensure that masseuses were properly trained and supervised to not perform unauthorized and/or prohibited procedures on passengers; and/or

h. Failure to ensure that masseuses were not performing unauthorized and/or prohibited procedures on passengers; and/or

i. Failure to ensure that unsafe and/or dangerous procedures were not performed on its passengers; and/or

j. Failure to promulgate and/or enforce adequate policies and procedures to ensure that One Spa World adequately reviewed the background and/or qualifications of the personnel hired by One Spa World, so as to ensure that they were competent and/or fit to provide spa services to its passengers; and/or

k. Failure to promulgate and/or enforce adequate policies and procedures to ensure that One Spa World was adequately supervising the personnel working at the subject spa; and/or

l. Failure to promulgate and/or enforce adequate policies and procedures to ensure that properly trained and supervised personnel was working at the subject spa and/or providing spa services to passengers in a safe manner; and/or

m. Failure to promulgate and/or enforce adequate policies and procedures to ensure that masseuses were properly trained and supervised to not perform unauthorized and/or prohibited procedures on passengers; and/or

    n. Failure to promulgate and/or enforce adequate policies and procedures to ensure that masseuses were not performing unauthorized and/or prohibited procedures on passengers; and/or

    o. Failure to promulgate and/or enforce adequate policies and procedures to ensure that unsafe and/or dangerous procedures were not performed on its passengers.

32. The above acts and/or omissions caused and/or contributed to the subject incident because, Plaintiff would have not scheduled a massage for herself and been severely injured but for those acts and/or omissions.

33. At all times material hereto, One Spa World knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that One Spa World, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through: (a) One Spa World's inspections of the subject spa; (b) One Spa World's policies and procedures establishing the standards of quality by which the subject spa was to operate; and/or (c) prior incidents involving passengers injured due to the services provided at the subject spa.

34. As a direct and proximate result of the negligence of One Spa World, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past and future, and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and the Plaintiff will suffer the losses and

impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands jury trial of all issues so triable.

## COUNT IV
## NEGLIGENT FAILURE TO WARN AGAINST DEFENDANTS

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) as though alleged originally herein.

35. At all times material hereto, it was the duty of Defendants to provide the Plaintiff with reasonable care under the circumstances.

36. At all times material hereto, it was the duty of Defendants to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendants in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to be.

37. On or about the above date, the Plaintiff was in the shipboard spa, which is a place Plaintiff was invited to by Defendants and a place Defendants reasonably expected Plaintiff to be in during the cruise.

38. On or about the above date, Defendants and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to adequately warn passengers, including the Plaintiff, of the dangers and/or hazards involved with spa services, including, but not limited to, massages; and/or

   b. Failure to adequately warn passengers that other passengers have been injured by crewmembers and/or spa employees; and/or

   c. Failure to adequately warn passengers that a heightened degree of care should be exercised when dealing with the crewmembers and/or spa employees aboard the vessel.

39. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendants and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

40. At all times material hereto, Defendants knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through: (a) Defendants inspections of the subject spa; (b) Defendants policies and procedures establishing the standards of quality by which the subject spa was to operate; and/or (c) prior incidents involving passengers injured due to the services provided at the subject spa.

41. As a direct and proximate result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired.  The injuries and damages are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

- 13 -

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants and demands jury trial of all issues so triable.

Dated: December 19, 2023

Respectfully submitted,

LIPCON, MARGULIES,
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Suite 1480
Coral Gables, Florida 33134
Telephone: (305) 373-3016
Facsimile: (305) 373-6204

By: */s/ Elizabeth Irazabal*
**JASON R. MARGULIES**
Florida Bar No. 57916
jmargulies@lipcon.com
**JACQUELINE GARCELL**
Florida Bar No. 104358
jgarcell@lipcon.com
**ELIZABETH IRAZABAL**
Florida Bar No. 1010997
eirazabal@lipcon.com