UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:23-cv-24817-FAM

MONICA SCULLION,

     Plaintiff,

vs.

CARNIVAL CORPORATION,
ONE SPA WORLD LLC, and
ONE SPA WORLD
(BAHAMAS) LTD.,

     Defendants.

_____/

**DEFENDANTS', CARNIVAL CORPORATION, ONE SPA WORLD, LLC, AND ONE SPA WORLD (BAHAMAS) LTD., MOTION TO DISMISS COUNTS II, III AND IV**

COME NOW, Defendants, CARNIVAL CORPORATION, ONE SPA WORLD, LLC[1], and ONE SPA WORLD (BAHAMAS) LTD. (hereinafter "Defendants"), by and through their undersigned counsel, and hereby move to dismiss Counts II (Negligence against Carnival), Count III (Negligence against One Spa World) and Count IV (Negligent Failure to Warn against Defendants), and in support thereof, state as follows:

**SUMMARY OF FACTS AND ARGUMENT**

This is a maritime personal injury action brought by Plaintiff, MONICA SCULLION ("Plaintiff"), wherein Plaintiff alleges that on January 24, 2023, while she was a passenger on the *Carnival Radiance*, she was injured while receiving a massage in a spa aboard the vessel. Plaintiff alleges that she "notified the [spa's] masseuse [that] a maneuver being performed to her back was

---

[1] Plaintiff has named the incorrect legal entity in this lawsuit. The proper legal entity is OneSpaWorld (Bahamas) Limited.

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

hurting her leg[,]" and the masseuse continued to perform the maneuver, allegedly causing injuries. (ECF No. 1), ¶18. Defendants move to dismiss Counts II (Negligence against Carnival), Count III (Negligence against One Spa World) and Count IV (Negligent Failure to Warn) in their entirety for failure to state a claim for which relief can be granted as they do not provide sufficient facts establishing that Defendants had notice of the alleged risk-creating condition.

## MEMORANDUM OF LAW

### .    Legal Standard for Motion to Dismiss

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, while a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "ground" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Berry v. Budget Rent A Car Systems, Inc.*, 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949. A complaint that offers labels and conclusions or a formulaic recitation of the elements of a cause of action is insufficient. *Id*.; *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002). Furthermore, a complaint is also insufficient if it tenders naked assertions devoid of further factual enhancement. *Id*.

### I.      This Action is Governed by U.S. Maritime Law

The present action is substantively controlled by United States general maritime law. Incidents occurring on the navigable waters and/or bearing a significant relationship to traditional maritime activities are governed by general maritime law. *See e.g., Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984). Moreover, it is well settled that the law governing passenger suits against cruise lines is the general maritime law. *See e.g.*, Schoenbaum, Thomas J., Admiralty and Maritime Law §3-5 (4th Ed. 2004); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989). Here, according to the allegations of the Complaint, Plaintiff was "a paying passenger" aboard the *Carnival Radiance*. (ECF No. 1), ¶10, ¶16. Accordingly, federal maritime law applies to the instant action.

### II.      Counts II, III and IV of Plaintiff's Complaint Should Be Dismissed

#### A.  Counts II, III and IV of Plaintiff's Complaint Should be Dismissed in their Entirety as Plaintiff Fails to Sufficiently Allege Notice

Counts II, III and IV of Plaintiff's Complaint should be dismissed in their entirety because Plaintiff fails to allege sufficient facts, which, taken as true, would establish a right to relief. To state a claim for maritime negligence, a plaintiff must allege facts showing 1) the defendant had a duty to protect plaintiff from an injury; 2) the defendant breached that duty; 3) the breach proximately caused the plaintiff's injury; and 4) the plaintiff suffered harm as a result. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).

Under federal maritime law, the duty of care owed by a cruise operator to its passengers is ordinary reasonable care under the circumstances, "which requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition."

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

*Thompson v. Carnival Corp.*, 174 F.Supp.3d 1327, 1340 (S.D. Fla. 2016) (quoting *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1322 (11th Cir. 1989). A ship owner is not an insurer of a passenger's safety and cannot be held liable simply because an injury was sustained by a passenger. *Kornberg v. Carnival Cruise Line, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d at 1322; *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 n.3 (11th Cir. 1990) ("[T]he vessel owner is not liable to passengers as an insurer, but only for its negligence. The purpose behind the notice requirement is that the shipowner should not be made the insurers of passenger safety.") (internal citations omitted)); and *Luby v. Carnival Cruise Lines, Inc.*, 633 F.Supp.40, 41 n.1 (S.D. Fla. 1986) ("Merely because an accident occurs, a carrier does not become liable to a passenger.").

"Actual notice exists when the defendant knows about the dangerous condition, and constructive notice exists where the shipowner ought to have known of the peril to its passengers." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022) (internal quotations omitted). "A plaintiff can establish constructive notice with evidence that the defective condition existed for a sufficient period of time to invite corrective measures." *Id*. (internal quotations omitted). "Alternatively, a plaintiff can establish constructive notice with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Id*. (internal quotations omitted). Failure to plead factual allegations supporting that the cruise line had notice of the danger raises no more than a "mere possibility of misconduct" that is insufficient to withstand a motion to dismiss. *Moseley v. Carnival Corp.*, 593 F. App'x 890, 893 (11th Cir. 2014); *see Ashcroft v. Iqbal*, 129 S. Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *see Navarro v. Carnival Corp.*, No. 19-cv-21072, 2020 WL 1307185, at *3 (S.D. Fla. Mar. 19, 2020) ("[A]side

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

from the conclusory allegation that Carnival 'was or should have been aware' of the risk creating condition—there are no factual allegations    supporting conclusion that Carnival knew of this risk creating condition…").

In the instant action, Plaintiff alleges that Carnival and One Spa World knew or should have known of the alleged unfitness/incompetence of the spa personnel to safely provide services to passengers. (ECF No. 1), ¶26, ¶28, ¶31, ¶33, ¶40. Plaintiff references "prior incidents involving passengers injured due to the services provided at the subject spa," *Id*. at ¶28, ¶33, in the Complaint to support her allegations; however, Plaintiff fails to allege *any* facts to show that these incidents *ever* occurred. *See Holland v. Carnival Corp.*, 50 F.4th at 1096 (holding that the plaintiff's conclusory allegations that there are prior slip and falls on the same staircase were insufficient as he had not alleged any facts concerning a substantially similar incident to his own incident); *see Polanco v. Carnival Corp.*, No. 10-21716-CIV, 2010 WL 11575228, at *3 (S.D. Fla. Aug. 11, 2010) (Alleged prior incidents insufficient to establish notice because, "[t]here are also no details about similar past incidents that Carnival allegedly failed to investigate. What were the incidents? Who were the drivers of the motor vehicles of the other incidents? How did Carnival learn of the incidents? The complaint is bereft of information on these material issues."); *see Peavy v. Carnival Corp.*, No. 23-cv-20042-BLOOM/Otazo-Reyes, 2023 WL 3454921, at *5 (S.D. Fla. 2023) ("[T]he conclusory allegation of prior incidents while disembarking from a water taxi to the cruise ship and vice versa are not specific and fail to state how those incidents place [the cruise line] on notice."); *Donaldson v. Carnival Corp.*, No. 20-23258-CIV, 2020 WL 6801883, at *2 (S.D. Fla. Nov. 19, 2020) ("Plaintiff cannot simply state that the Defendant has been negligent and advance boilerplate allegations supporting its negligence claims where those claims are devoid of any facts."); *Segarra v. Carnival Corp.*, 1:21-cv-23661-JEM, [D.E. 18 at 7], (S.D. Fla. Sep. 06, 2022)

(Martinez, J.) ("The Complaint is devoid of allegations regarding how the prior incidents relate to what happened in this case and how those incidents put Carnival on notice of the risk-creating condition.").

Plaintiff provided no details of the prior incidents referenced in the Complaint, including whether they occurred on the same ship or whether they were substantially similar to the incident alleged in Plaintiff's Complaint. Accordingly, Plaintiff's barebones allegations as to alleged prior incidents are insufficient to establish that Carnival or One Spa World had notice of the specific alleged hazardous condition in the present case.

Plaintiff also alleges that Carnival and One Spa World knew or should have known of the risk-creating condition based on previous "inspections of the spa" and based on their "policies and procedures establishing the standards of quality by which the subject spa was to operate. (ECF No. 1), ¶28, ¶33, 40. Plaintiff fails to state when these inspections of the spa were made, by whom these inspections were made, with what frequency they were made, and what, if any, were the outcomes of these "inspections." Plaintiff also fails to state what specific policies and procedures Carnival and One Spa World allegedly violated, how they were allegedly violated, when Defendants violated these standards, and how the standards relate to notice of the subject alleged risk-creating condition in this case. *See Fawcett v. Carnival Corp.*, No. 23-21499-CIV, 2023 WL 4424195, at *3 (S.D. Fla. July 10, 2023) (plaintiff's reference to the defendant's inspection schedule and cleaning policies, without any additional facts to clarify what these policies are or how their implementation would have created notice, was insufficient to allege notice); *see Cisneros v. Carnival Corp.*, No. 1:19-cv-24155, 2020 WL 376695, at *2 (S.D. Fla. Jan. 23, 2020)

(finding reference to the defendant's "maintenance and/or inspections of the subject area[,]" with nothing more, insufficient to plead notice (alteration added)).

As the Plaintiff's notice allegations are insufficient, Counts II, III and IV of Plaintiff's Complaint should be dismissed in their entirety as they fail to properly allege that Carnival and One Spa World had notice of the alleged risk-creating condition.

WHEREFORE, and in light of the foregoing, Defendants, CARNIVAL CORPORATION, ONE SPA WORLD, LLC, and ONE SPA WORLD (BAHAMAS) LTD., request that this Honorable Court GRANT Defendants' Motion and Dismiss Counts II, III and IV of Plaintiff's Complaint, and grant such other relief as this Court deems appropriate.

Dated: January 11, 2024
Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, P.A.**

BY: */s/ Lizbeth Michel-Escandell* _____
Darren W. Friedman, Esq. (FBN 0146765)
dfriedman@fflegal.com
Lizbeth Michel-Escandell, Esq. (FBN 181994)
Lmichel-escandell@fflegal.com
Tyler J. Canfield, Esq. (FBN 1042023)
tcanfield@fflegal.com
One Biscayne Tower, Suite 2200
2 South Biscayne Boulevard
Miami, FL  33131
Tel: 305-358-6555/Fax: 305-374-9077
*Counsel for Defendant*

\

**CERTIFICATE OF SERVICE**

 WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on January 11, 2024. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

BY:*/s/  Lizbeth Michel-Escandell* ____
Lizbeth Michel-Escandell**,** Esq.

**SERVICE LIST**

| | |
|---|---|
| Elizabeth Irazabal, Esq.<br>eirazabal@lipcon.com<br>Jason R. Margulies, Esq.<br>jmargulies@lipcon.com<br>Jacqueline Garcell, Esq.<br>jgarcell@lipcon.com<br>LIPCON, MARGULIES, &<br> WINKLEMAN, P.A.<br>2800 Ponce de Leon Blvd., Suite 1480<br>Coral Gables, Florida 33134<br>Tel : 305-373-3016/ Fax : 305-373-6204<br>*Counsel for Plaintiff* | Darren W. Friedman, Esq.<br>dfriedman@fflegal.com<br>sargy@fflegal.com<br>lvargas@fflegal.com<br>Lizbeth Michel-Escandell, Esq.<br>Lmichel-escandell@fflegal.com<br>Tyler J. Canfield, Esq.<br>tcanfield@fflegal.com<br>FOREMAN FRIEDMAN, PA<br>One Biscayne Tower – Suite #2200<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: 305-358-6555/ Fax: 305-374-9077<br>*Counsel for Defendant* |