UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-cv-24817-FAM

MONICA SCULLION,

     Plaintiff,

v.

CARNIVAL CORPORATION,
ONE SPA WORLD LLC, and
ONE SPA WORLD (BAHAMAS) LTD.,

     Defendants.

                           /

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
IN THE EVENT THIS COURT GRANTS ALL OR PART OF
DEFENDANT, CARNIVAL CORPORATION, ONE SPA WORLD LLC, AND ONE SPA
WORLD (BAHAMAS) LTD.'S MOTION TO DISMISS**

The Plaintiff, MONICA SCULLION, by and through undersigned counsel and pursuant to

Federal Rule of Civil Procedure 15(a)(2), hereby respectfully request this Honorable Court grant

Plaintiff's leave to file a Second Amended Complaint in the event this Court grants all or part of

Defendant, CARNIVAL CORPORATION, ONE SPA WORLD LLC, AND ONE SPA WORLD

(BAHAMAS) LTD.'S ("Defendant['s]") Motion to Dismiss Plaintiff's Amended Complaint [D.E.

12]:

I. **Introduction**

The instant matter arises from the severe injury suffered by Monica Scullion ("Plaintiff"), a paying

passenger aboard the *Carnival Radiance*. Specifically, on or about January 4, 2023, Plaintiff

scheduled and received a massage aboard the vessel.  During the course of the massage, Plaintiff

notified the masseuse that a maneuver being performed to her back was hurting her leg.  However,

the masseuse continued the massage and continued employing the same technique even after the Plaintiff notified of her pain and discomfort, and thus the Plaintiff continued to experience pain. After continuing the massage with unchanged painful maneuvers, the Plaintiff's leg began to go numb. The Plaintiff advised the masseuse that her leg was numb and told the masseuse to stop the massage. The masseuse then began to massage the Plaintiff's leg, after being told to stop the massage. As a result of the continued painful maneuvers, Plaintiff suffered severe and permanent injuries, for which Plaintiff required surgery.

On December 19, 2023, Plaintiff filed her Complaint. [D.E. 1]. On January 11, 2024, Defendants filed their Motion to Dismiss Counts II, III, and IV OF Plaintiff's Complaint. [D.E. 7]. On January 23, 2024, Plaintiff filed her Amended Complaint. [D.E. 11]. On February 6, 2024, Defendants filed their Motion to Dismiss Counts II, III, and IV of Plaintiff's Amended Complaint. [D.E.12]. On March 20, 2024, Plaintiff filed her Response in Opposition to Defendant's Motion to Dismiss Counts II, III, and IV of Plaintiff's Amended Complaint. [D.E. 18].

In an abundance of caution, however, Plaintiff also hereby respectfully requests that this Honorable Court grant Plaintiff's leave to file a Second Amended Complaint in the event this Court grants all or part of Defendants Motion to Dismiss Plaintiff's Amended Complaint.

## II. <u>Applicable Standard of Law</u>

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

To that end, pursuant to Rule 15, the spirit of the federal rules is for the Court to "freely give leave [to amend complaints] when justice so requires." Fed. R. Civ. P. 15. "[U]nless there

is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999); *see Spanish Broadcasting System of Fla. v. Clear Channel Communications, Inc.*, 376 F. 3d 1065, 1077 (11th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) ("The Supreme Court has emphasized that leave to amend must be granted absent a specific, significant reason for denial."); *see also Thomas v. Town of Davie*, 847 F. 2d 771, 773 (11th Cir. 1988) (quoting *Dussouy v. Gulf Coast Investment Corp.*, 660 F. 2d 594, 597 (Former 5th Cir. 1981) ("[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.").

### III. Plaintiffs' motion for leave to amend.

As stated above, Defendants motion seeks to dismiss Counts II, III, and IV directed against then. [D.E. 12]. In the event this Court grants all or part of Defendants Motion to Dismiss, Plaintiff respectfully requests leave to amend the Complaint in an effort to address the Court's findings.

The Plaintiffs recognize that this Court's Local Rule 15.1 requires the moving party to attach a proposed amended complaint to the motion for leave. *See* S.D. Fla. L.R. 15.1 ("A party who moves to amend a pleading shall attach the original of the amendment to the motion…"). However, without this Court's ruling on Defendants pending Motion to Dismiss Plaintiff's Amended Complaint, Plaintiff is unable to reasonably presume which, if any, of Defendants arguments will be successful. The Plaintiff is therefore unable to attach a proposed amended complaint at this time.

The undersigned counsel certifies that this motion is made for good cause and in good faith and not for the purpose of delay.

**WHEREFORE**, based on the foregoing, Plaintiff respectfully requests that this Honorable

Court enter an order granting this motion in its entirety.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Undersigned counsel hereby certifies that she has conferred with counsel for Defendants concerning the relief sought herein, and Defendants oppose the motion on grounds that the proposed Second Amended Complaint is not attached to this motion for Defendants review.

Dated: March 26, 2024

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd, Suite 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:  */s/ Elizabeth Irazabal*
**JACQUELINE GARCELL** (FBN 104358)
jgarcell@lipcon.com
**ELIZABETH IRAZABAL** (FBN 1010997)
eirazabal@lipcon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 26, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By:  */s/ Elizabeth Irazabal*
**ELIZABETH IRAZABAL**

- 5 -

**SERVICE LIST**
*Scullion v. Carnival Corp. et. al.*
**Case No. 23-cv-24817-FAM**

| | |
|---|---|
| **Jacqueline Garcell, Esq.** | **Darren W. Friedman, Esq.** |
| jgarcell@lipcon.com | dfriedman@fflegal.com |
| **Elizabeth Irazabal, Esq.** | sargy@fflegal.com |
| eirazabal@lipcon.com | lvargas@fflegal.com |
| LIPCON, MARGULIES | **Lizbeth Michel-Escandell, Esq.** |
| & WINKLEMAN, P.A. | Lmichel-escandell@fflegal.com |
| 2800 Ponce de Leon Blvd, Suite 1480 | **Tyler J. Canfield, Esq.** |
| Coral Gables, Florida 33134 | tcanfield@fflegal.com |
| Telephone No.: (305) 373-3016 | FOREMAN FRIEDMAN, P.A. |
| Facsimile No.: (305) 373-6204 | One Biscayne Tower – Suite #2200 |
| *Attorneys for Plaintiff* | 2 South Biscayne Boulevard |
| | Miami, Florida 33131 |
| | Tel: (305) 358-6555 |
| | Facsimile: (305) 374-9077 |
| | *Attorney for Defendant* |