UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:23-cv-24817-FAM

MONICA SCULLION,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
ONE SPA WORLD LLC, and
ONE SPA WORLD
(BAHAMAS) LTD.,

    Defendants.

_____/

**DEFENDANTS' CARNIVAL CORPORATION, ONE SPA WORLD LLC, AND ONE SPA WORLD (BAHAMAS) LTD., REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS II, III AND IV OF PLAINTIFF'S <u>AMENDED COMPLAINT (ECF NO. 12)</u>**

COME NOW, Defendants, CARNIVAL CORPORATION, ONE SPA WORLD, LLC, and ONE SPA WORLD (BAHAMAS) LTD., by and through the undersigned counsel and hereby file their reply to Plaintiff's, MONICA SCULLION, Response in Opposition to Defendants' Motion to Dismiss Counts II, III, and IV of Plaintiff's Amended Complaint. (ECF No. 11).

**Prior Incidents Are Not Substantially Similar**

Plaintiff's Response in Opposition to Defendants' Motion to Dismiss ignores the most important issue in this case: the subject massage from which Plaintiff claims to have been injured was performed by a specific single masseuse. For any Defendant to be on actual or constructive notice of dangers associated with that masseuse, prior substantially similar incidents **must** involve the masseuse in question.

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

Plaintiff references four (4) "prior similar incidents [involving passengers] occurring on vessels by One Spa World employees." (ECF No. 11), ¶20. The first incident involved a passenger injured during a massage aboard a Royal Caribbean vessel. Not only did the incident occur aboard a vessel from another cruise line, but more importantly, there is no indication that the allegedly negligent massage involved that same OneSpaWorld masseuse who provided Plaintiff's massage in this case. As such, this prior incident could not possibly put Defendants on notice of any dangers involving a masseuse aboard a Carnival vessel. The other three incidents involved either bamboo or hot stone massages aboard Carnival vessels. First, Plaintiff received a Swedish massage, not a bamboo or hot stone massage both of which involve the use of objects to manipulate the body. Any risks associated with these types of massages are inherently different that those that would be posed by a Swedish massage. Second, there is no indication that any of the massages referenced in the four incidents were performed by the masseuse who massaged Plaintiff in this case. Therefore, these incidents are not substantially similar to the subject incident and would not put Defendants on notice of any dangers associated with the subject masseuse.

### <u>PLAINTIFF'S AMENDED COMPLAINT DOES NOT SUFFICIENTLY ALLEGE NOTICE RELATING TO THE SUBJECT MASSEUSE</u>

Plaintiff cites *Spotts v. Carnival Corp.*, No. 23-CV-22906, 2024 WL 111921, at *3 (S.D. Fla. Jan. 10, 2024), for the proposition that the "'substantial similarity' doctrine does not require identical circumstances and allows for some play in the joints depending on the scenario presented and the desired use of the evidence." *Spotts* is distinguishable because it involved notice of slip and fall incidents in the pool area of ships in the same fleet as the one on which the plaintiff was injured. The present case involves allegations of an allegedly dangerous and/or negligent massage provided by a specific masseuse. Any claims of notice in this regard must involve the same masseuse. In *Spotts*, no particular employee was identified.

Plaintiff seeks to impute notice to Defendants here based upon prior incidents involving any masseuse working for OneSpaWorld aboard any vessel in any cruise line. Otherwise, following Plaintiff's logic, even if the masseuse in this case was exemplary, the fact that there are prior incidents where passengers were injured by other masseuses providing other types of massages aboard other vessels from other cruise lines would be sufficient to provide notice that an otherwise exemplary masseuse could conceivably provide a dangerous and/or negligent massage at some point that could lead to injury.

Contrary to Plaintiff's assertions, Defendants are not cherry-picking the details they believe are dissimilar with respect to those prior incidents referenced in Plaintiff's Amended Complaint. Plaintiff erroneously states that the "most important fact" surrounding the issue of notice is that all of the referenced incidents involved spas operated by the OneSpaWorld Defendants. Defendants submit that the most important fact is that none of those prior incidents involved the same masseuse. Defendants cannot be on notice of the potential danger of a particular masseuse based upon the actions of other masseuses providing other types of massages aboard other vessels from other cruise lines.

Interestingly, Plaintiff cites *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015), where the Eleventh Circuit found that the district court acted within its discretion in excluding evidence of prior slip-and-fall accidents on cruise ship as not substantially similar to passenger's slip-and-fall while walking on ship's wet exterior pool deck. Among the factors the Sorrels court considered were that no other incident occurred where that plaintiff fell, different liquids were alleged to have caused the slips, some liquids were listed as unknown, and other incidents involved passengers playing table tennis and children chasing others around the pool when their falls occurred. *Id.* at 1287. The *Sorrels* Court's reasoning supports Defendants' position

exactly. Plaintiff's notice allegations based upon different masseuses providing different massages on unknown dates in other ships from other cruise lines are insufficient with respect to the circumstances of the subject incident as set forth in the Amended Complaint—an allegedly negligent and/or dangerous massage provided by an identifiable masseuse. Defendants cannot be charged with notice of the alleged dangers associated with the subject masseuse based on the allegedly tortious actions of other masseuses on other ships performing different massages. *See Benson v. Carnival Corp.*, No. 23-23408-CIV, 2024 WL 964235, at *3 (S.D. Fla. Mar. 6, 2024) (finding plaintiffs failed to allege notice based upon a single review about a completely different issue on a different tour).

### Policies, Procedures, and Inspections

Plaintiff's allegations that Defendants knew or should have known of the risk-creating condition based on its "policies and/or procedures and/or industry standards" for "crewmembers and/or spa employees to abide by professional standards when rendering services to and to warn passengers, like the Plaintiff, of possible dangers," (ECF No. 11), ¶21, ¶32, ¶37, ¶44, are also insufficient. As set forth in the Motion to Dismiss, there is no reference to what these policies and procedures are or how they would reveal any dangerous conditions.

Plaintiff failed to state what standards Defendants allegedly violated, how and when they were allegedly violated, and how the standards related to notice of the subject alleged risk-creating condition in this case. Nowhere does Plaintiff explain how Defendants' unspecified policies and procedures and industry standards would provide them with notice regarding the unfitness of a *specific* employee. *See Hagle v. Royal Caribbean Cruises Ltd.*, No. 22-23186-CV, 2023 WL 3571292, at *8 (S.D. Fla. May 2, 2023), *report and recommendation adopted*, No. 22-23186-CV, 2023 WL 3568130 (S.D. Fla. May 19, 2023) (finding that reference to Broward County's internal

policies and procedures or industry standards did not support an inference regarding a specific employee's lack of competency). Plaintiff argues that *Hagle* is inapplicable because Plaintiff does not charge these Defendants with negligent hiring or retention of the subject masseuse. Upon review, however, Plaintiff's negligence claims are based on these very elements. For example, Plaintiff alleges that Defendants were negligent because they "[failed] to adequately review the background and or qualifications of the personnel hired by OneSpaWorld to ensure they were competent; [failed] to supervise the personnel working at the subject spa; [failed] to train and supervise personnel...working at the subject spa[.]" (ECF No. 11), ¶30.d., ¶30.e., ¶30.f. Plaintiff makes the very allegations that comprise negligent hiring, retention, and supervision claims in support of her position that these Defendants were negligent. The scenario in this case involves a specific employee, just as in *Hagle*, and Plaintiff's allegations of negligence are centered around the actions of a single employee. Plaintiff's argument that the facts of this case are distinguishable from *Hagle* is unavailing.

Plaintiff also alleges that Defendants had notice of the allegedly dangerous condition through "Carnival's inspections of the subject spa." (ECF No. 11), ¶32, ¶37, ¶44. However, there are no allegations as to when these alleged inspections of the spa were to be made, by whom, with what frequency, or the results thereof. *See Fawcett v. Carnival Corp.*, No. 23-21499-CIV, 2023 WL 4424195, at *3 (S.D. Fla. July 10, 2023) (plaintiff's reference to defendant's inspection schedule and cleaning policies, without any additional facts to clarify what these were or how their implementation would have created notice, was insufficient to allege notice); *see Cisneros v. Carnival Corp.*, No. 1:19-cv-24155, 2020 WL 376695, at *2 (S.D. Fla. Jan. 23, 2020) (finding reference to defendant's "maintenance and/or inspections of the subject area[,]" with nothing more, insufficient to plead notice). Ignoring these deficiencies Plaintiff instead distinguishes *Fawcett*

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

based upon the fact that the referenced employees there did not require specialized knowledge, whereas the masseuses in this case did. This distinction fails where there are specific policies and procedures to be followed with respect to cleaning pool decks. Without any further development on the outcome of these unknown inspections and what they would reveal, if anything, Defendants cannot be charged with constructive notice of any dangers relating to the single masseuse who performed the massage on Plaintiff in this case.

WHEREFORE, and in light of the foregoing, Defendants, CARNIVAL CORPORATION, ONE SPA WORLD, LLC, and ONE SPA WORLD (BAHAMAS) LTD., request that this Honorable Court GRANT Defendants' Motion and Dismiss Counts II, III and IV of Plaintiff's Amended Complaint, and grant such other relief as this Court deems appropriate.

Dated: March 27, 2024
      Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, P.A.**

BY: ***/s/  Lizbeth Michel-Escandell***
Jeffrey E. Foreman, Esq. (FBN 0240310)
jforeman@fflegal.com
Darren W. Friedman, Esq. (FBN 0146765)
dfriedman@fflegal.com
Lizbeth Michel-Escandell, Esq. (FBN 181994)
Lmichel-escandell@fflegal.com
Tyler J. Canfield, Esq. (FBN 1042023)
tcanfield@fflegal.com
One Biscayne Tower, Suite 2200
2 South Biscayne Boulevard
Miami, FL  33131
Tel: 305-358-6555/Fax: 305-374-9077
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on March 27, 2024. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

BY:*/s/  Lizbeth Michel-Escandell*
Lizbeth Michel-Escandell, Esq.

## SERVICE LIST

| | |
|---|---|
| Elizabeth Irazabal, Esq.<br>eirazabal@lipcon.com<br>Jason R. Margulies, Esq.<br>jmargulies@lipcon.com<br>Jacqueline Garcell, Esq.<br>jgarcell@lipcon.com<br>LIPCON, MARGULIES, & WINKLEMAN, P.A.<br>2800 Ponce de Leon Blvd., Suite 1480<br>Coral Gables, Florida 33134<br>Tel : 305-373-3016/ Fax : 305-373-6204<br>*Counsel for Plaintiff* | Jeffrey E. Foreman, Esq.<br>jforeman@fflegal.com<br>kfehr@fflegal.com<br>Darren W. Friedman, Esq.<br>dfriedman@fflegal.com<br>sargy@fflegal.com<br>lvargas@fflegal.com<br>Lizbeth Michel-Escandell, Esq.<br>Lmichel-escandell@fflegal.com<br>Tyler J. Canfield, Esq.<br>tcanfield@fflegal.com<br>FOREMAN FRIEDMAN, PA<br>One Biscayne Tower – Suite #2200<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: 305-358-6555/ Fax: 305-374-9077<br>*Counsel for Defendants* |