UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 23-24817-CIV-MORENO

MONICA SCULLION,

       Plaintiff,

vs.

CARNIVAL CORPORATION, ONE SPA
WORLD LLC, and ONE SPA WORLD
(BAHAMAS) LTD.,

       Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNTS II AND IV AND DENYING DEFENDANTS' MOTION TO DISMISS COUNT III.

This case involves a vacation cruise massage "gone wrong." Plaintiff alleges that during her massage on the Carnival vessel, a masseuse employed a maneuver that ultimately caused Plaintiff to suffer severe and permanent injuries. Plaintiff filed suit against Defendants for vicarious liability and negligence in this Court.

**THIS CAUSE** came before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint (**D.E. 12**), filed on **February 6, 2024**. THE COURT has considered the motion, the response in opposition, the reply, and pertinent portions of the record. For the reasons set forth below, the Court grants Defendants' Motion to Dismiss Count II (Negligence Against Carnival), Count IV (Negligent Failure to Warn Against Defendants) with leave to amend, and denies Defendants' Motions to Dismiss Count III (Negligence Against One Spa World).

1

## FACTS

The following facts from the Complaint are assumed to be true for purposes of evaluating the Motions to Dismiss. In late January 2023, Plaintiff Monica Scullion was a passenger aboard the Carnival-owned cruise ship, the *Carnival Radiance*. [ECF No. 12 at ¶¶ 10, 16]. While Plaintiff was aboard the vessel, she got a massage. [*Id.* at ¶ 17]. Defendant Carnival had exclusive control of the vessel, and Defendants One Spa World LLC and One Spa World (Bahamas) Ltd. ("One Spa World") owned and operated the spa aboard the vessel wherein it provided spa services to Carnival's passengers. [*Id.* at ¶¶ 11, 12]. During the course of the massage, Plaintiff notified the masseuse that the maneuver being performed to her back was hurting her leg. [*Id.* at ¶ 18]. The masseuse ignored Plaintiff's request to stop, and Plaintiff's pain continued. [*Id.*]. After a while, Plaintiff's leg went numb, and Plaintiff told the masseuse to stop again because her leg went numb. [*Id.*]. The masseuse stopped and began to massage Plaintiff's leg. [*Id.*]. Ultimately, Plaintiff alleges that all of the foregoing caused her to suffer severe and permanent injuries, which required surgery. [*Id.*].

Plaintiff also alleges that Defendants knew or should have known that it was highly probably for passengers to be injured by crewmembers and/or spa employees, considering prior similar incidents occurring on vessels by One Spa World employees. [*Id.* at ¶ 20]. Plaintiff cites to four incidents. On May 18, 2022, a passenger aboard a Royal Caribbean vessel was severely injured when she received an intentionally aggressive, unwanted, and negligent massage. [*Id.*]. On December 4, 2021, a passenger was aboard a Carnival vessel and was severely injured when she received a dangerous, forceful, and improper bamboo massage. [*Id.*]. On September 16, 2016, a passenger aboard a Carnival vessel was severely injured when she received a bamboo massage during which unreasonable and/or improper massage techniques were used. [*Id.*]. On July 25,

2015, a passenger aboard a Carnival vessel was severely injured when he received a hot-rock massage which included an aggressive manipulation of the passenger's head, neck, and back. [*Id.*].

As a result, Plaintiff filed this lawsuit against Carnival Corporation, One Spa World LLC, and One Spa World (Bahamas) Ltd. Plaintiff asserts four counts against Defendants for: (I) vicarious liability for battery against Defendants; (II) negligence against Carnival; (III) negligence against One Spa World; and (IV) negligent failure to warn against Defendants. Defendants subsequently filed their motion to dismiss counts II, III, and IV.

## LEGAL STANDARD: RULE 12(b)(6) MOTION TO DISMISS

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court considers only the four corners of the complaint. A court must accept as true the facts as set forth in the complaint.

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiffs well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955,

167 L. Ed. 2d 929 (2007). In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

## FEDERAL MARITIME LAW

Incidents occurring on navigable waters and bearing a significant relationship to traditional maritime activities are governed by maritime law. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir. 1989). It is well settled that the law governing passenger suits against cruise lines is the general maritime law. *See, e.g.*, Schoenbaum, Thomas J., Admiralty and Maritime Law §3-5 (4th Ed. 2004); *Keefe*, 867 F.2d at 1321.

As Defendants point out, according to the allegations of the Amended Complaint, Plaintiff was a "paying passenger" aboard the Carnival Radiance. Accordingly, the Court holds that federal maritime law applies to the instant action.

## DISCUSSION

As stated *supra*, Defendants move for dismissal of Count II (negligence against Defendant Carnival); Count III (negligence against Defendants One Spa World); and IV (negligent failure to warn against all Defendants).

## LEGAL STANDARD – NEGLIGENCE & NEGLIGENT FAILURE TO WARN

"Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (citing *Keefe v. Bah. Cruise Line, Inc.*, 867 F.2d 1318, 1320-21 (11th Cir. 1989)). "In analyzing a maritime tort case, [courts]

rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)). "To plead negligence, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro*, 693 F.3d at 1336. Moreover, it is black letter law that "a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew." *Chaparro*, 693 F.3d at 1336 (11th Cir. 2012) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630, 79 S. Ct. 406, 409, 3 L. Ed. 2d 550 (1959)) (emphasis in original).

To state a claim for negligent failure to warn, Plaintiff must allege: (1) that Defendant knew of the allegedly dangerous conditions; and (2) that the condition was not open and obvious. *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1264 (11th Cir. 2020) (citing *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 n.5 (11th Cir. 2019)).

As a prerequisite to imposing liability for both claims of negligence and negligent failure to warn, the carrier must have had actual or constructive notice of the risk-creating condition. *See Keefe*, 867, F.2d at 1322. "Actual notice exists when the defendant knows about the dangerous condition." *Brewton v. Carnival Corp.*, No. 23-23785-CIV-MORE, 2024 U.S. Dist. LEXIS 33779 (S.D. Fla. Feb. 27, 2024) (citing *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022)). Constructive notice exists where "the shipowner ought to have known of the peril to its passengers." *Keefe*, 867 F.3d at 1322. Constructive notice can be established when a plaintiff plausibly alleges that: (1) the hazardous condition existed "for a sufficient length of time"; or (2)

substantially similar conditions must have caused substantially similar prior incidents. *Holland*, 50 F.4th at 1096.

Defendants argue that Plaintiff's notice allegations are insufficient to establish that Defendants had notice of the allegedly dangerous condition that caused the massage incident. Thus, Defendants urge the Court to dismiss count II, III, and IV of Plaintiff's Amended Complaint. The Court addresses the notice arguments on both sides below.

## LEGAL ANALYSIS – NOTICE

A. <u>Actual Notice</u>

To plead actual notice, the defendant must know of the dangerous condition. *See Holland*, 50 F.4th at 1095. However, Plaintiff focuses solely on constructive notice, not actual notice. On review of the Complaint, Plaintiff does not allege that Defendants actually knew of the dangerous condition, only that Defendants knew or should have known "it was reasonably foreseeable for passengers to be injured" and "highly probably for passengers to be injured." Thus, the Court finds that Plaintiff fails to establish that Defendants had actual notice of the dangerous massage condition.

B. <u>Constructive Notice</u>

To plead constructive notice, the defendant must establish with evidence that (1) the defective condition existed for a sufficient period of time to invite corrective measures, or (2) through substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident. *See Guevara*, 920 F.3d at 720.

First, Plaintiff *does* allege that the defective condition existed for a sufficient period of time. However, these allegations are completely conclusory and are not accompanied by facts or details.

The meat of the argument (on both sides) hinges on the second "substantially similar incidents" prong. Plaintiff argues that her allegations of constructive notice are sufficient by listing four similar incidents occurring on vessels by One Spa World employees. Further, industry standards have been implemented for crewmembers and spa employees to abide by professional standards rendering services to warn passengers, which means that Defendants knew or should have known of possible dangers to avoid. Defendants argue first that the incidents referenced in the Amended Complaint are not substantially similar. Further, Defendants write that Plaintiff failed to state what specific standards Carnival and One Spa World allegedly violated, how they were violated, and how the standards relate to notice of the alleged risky condition in this case.

> i. *Count II: Negligence against Defendant Carnival*

With respect to Count II (negligence against Carnival), the Court agrees with Defendants. While Plaintiff is correct that identical circumstances are not required, there is a line. *See Sorrels v. NCL (Bahamas) Ltd.*, 796, F.3d 1275, 1287 (11th Cir. 2015). It is true that in all the incidents alleged, the One Spa World Defendants owned, operated, and managed the spa aboard the vessel. But the Court finds it hard to imagine that Defendant Carnival would be put on notice because of that. There is a layer of control and communication between Carnival controlling the vessel and the One Spa Defendants controlling the spa within the vessel. Also, considering that it is not alleged that these incidents involved the same masseuse, one of the incidents was not even involving Carnival, and the massages themselves were different (bamboo and hot-rock massages

7

as opposed to the Swedish massage here), it is unlikely that Defendant Carnival was put on constructive notice.

Even though the incident on the Royal Caribbean was a similar massage, it does not put Defendant Carnival on notice. In *Brewton v. Carnival Corp.*, this Court found that constructive notice was properly pled. No. 23-23785-CIV-MORE, 2024 U.S. Dist. LEXIS 33779 (S.D. Fla. Feb. 27, 2024). The Court cited to cases that were not identical, but involved excursions off the vessel that defendant Carnival was also involved in (unlike the instance here with Royal Caribbean). *See id.* at 6-8. Similarly, in *Spotts v. Carnival Corp.*, No. 23-CV-22906, 2024 WL 111921, at *3 (S.D. Fla. Jan. 10, 2024), the notice of slip and fall incidents arose in the same fleet as the one on which the plaintiff was injured.

Excluding the incident arising on the Royal Caribbean, the Court still finds the allegations of prior incidents conclusory, as there is no real explanation of which prior incidents put Carnival on notice or how the incidents put Carnival on notice. Other courts in this district have found similarly.[1] The fact that the One Spa World Defendants managed, owned, or operated the spa on a Carnival vessel is not enough to put Defendant Carnival on notice. The fact that consumers were formerly injured on a Carnival cruise vessel due to an improper bamboo massage and hot-rock massage does not inform or notify Carnival that it should be similarly aware of the allegedly dangerous Swedish massage in this case. It is not enough that Plaintiff allege that all the massages

---

[1] *See Segarra v. Carnival Corp.*, No. 21-CV-23661, 2022 U.S. Dist. LEXIS 160724, at *8 (S.D. Fla., Sept 6, 2022) (finding that the allegation of prior similar incidents without more facts is conclusory and does not plead notice); *Holland v. Carnival Corp.*, 2021 WL 86877, at *3 (finding that "Plaintiff assertion of prior slip and fall incidents is conclusory and therefore insufficient to establish that Carnival was on notice of the hazard which cause injury to Plaintiff."); *See Serra-Cruz v. Carnival Corp.*, No. 18-CV-23033, 2019 WL 13190647, at *8 (S.D. Fla. Feb. 12, 2019) (finding that because Plaintiff did not explain which prior accidents put Carnival on notice or how the incidents put Carnival on Notice they failed to state a claim for negligence); *Polanco v. Carnival Corp.*, No. 10-CV-21716, 2010 WL 11575228, at *3, 2010 U.S. Dist. LEXIS 150857, at *7 (S.D. Fla. Aug. 11, 2010) (holding the allegations of prior similar incidents were "bereft of information" and that the plaintiff's complaint "therefore fails to state a claim for negligence.").

8

were "forceful and improper" and "improper techniques were used. As mentioned above, both the techniques and masseuses were entirely different. Thus, the Court holds that the prior incidents alleged by Plaintiff are not similar enough to give Carnival constructive notice.

Further, the Court finds unpersuasive that Defendants may be on notice merely "based on policies and industry standards for crewmembers to abide by professional standards when rendering services to and to warn passengers like the Plaintiff, of possible dangers." Plaintiff makes a blanket statement saying that Defendants are incorrect when it comes to "policies and procedures" and "industry standards" but proceeds to cite *Heller*, which is unrelated to "abiding by professional standards" and only speaks on awareness through inspections. 191 F. Supp. 3d at 1358.

On the argument of notice through inspection, the caselaw does not provide support here. Plaintiff cites to *Kennedy v. Carnival Corp.*, 385 F. Supp. 3d 1302, 1331 (S.D. Fla. 2019), where the court found sufficiency of constructive notice through inspection. There, the defendant knew or should have known of the possible dangers associated with the water inflatables or changing tides during inspection. *Id.* However, here, a general inspection of the spa to ensure that the spa was reasonably safe for passengers is inadequate. The allegations pertain to the dangers of improper massage techniques and maneuvers and aggressive and intentional manipulation during the massage by a specific masseuse. An inspection (unless during the massage) does not suffice.

Accordingly, the Court grants Defendants' motion to dismiss count II—negligence against Defendant Carnival.

9

### ii.     Count III: Negligence against the One Spa World Defendants

The Court reaches a different conclusion on whether the One Spa World Defendants received constructive notice. As stated above, all four incidents in this case involve the One Spa World Defendants. When separating One Spa World and Carnival (and focusing on One Spa World), it does not matter which vessel or cruise company a dangerous massage incident occurred on. In both *Brewton v. Carnival Corp.*, No. 23-23785-CIV-MORE, 2024 U.S. Dist. LEXIS 33779 (S.D. Fla. Feb. 27, 2024) and *Spotts v. Carnival Corp.*, No. 23-CV-22906, 2024 WL 111921 (S.D. Fla. Jan. 10, 2024) the prior substantially similar conditions all involved the same fleet or vessel. Similarly, here, the massage incidents all involve the One Spa World Defendants.

Where above discussing count II, the variables like different types of massages and different cruise companies took Defendant Carnival out of the realm of constructive notice, the Court finds that there are less variables and differences when it comes to the One Spa World Defendants. Simply put, it is alleged that the One Spa World Defendants owned, operated, or managed spas where multiple massage incidents that severely injured consumers occurred. Because the One Spa World Defendants were more directly providing spa services to Carnival passengers, there is less of a need by Plaintiff to explain how the One Spa World Defendants were put on notice at this stage of the case. One Spa World has more oversight to the spa and massages in general than Carnival.

Thus, the Court finds that Plaintiff has sufficiently alleged constructive notice and denies Defendants' motion to dismiss Count III—negligence against Defendants One Spa World.

      *iii.*    *Count IV: Negligent Failure to Warn Against Defendants*

As stated above in section *I & ii*, Plaintiff did not sufficiently plead that Defendant Carnival was put on constructive notice but sufficiently pled that the One Spa World Defendants were. Thus, the Court grants Defendants' motion to Dismiss Count IV as it commingles allegations between Defendant Carnival and Defendants One Spa World. The Court will allow Plaintiff to amend the Amended Complaint to clarify the allegations in Count IV.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion to Dismiss Count II is GRANTED, Count III is DENIED, and Count IV is GRANTED with leave to amend.

DONE AND ORDERED in Chambers at Miami, Florida, this 3rd of June 2024.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record